UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Lazaro Montero Collado,

    Plaintiff,

vs.

Juanita Cancel,

    Defendant.

C/A No. 9:10-1870-MBS-RSC

Report and Recommendation

  This is a civil action filed *pro se* by a federal prison inmate. Plaintiff is currently incarcerated at FCI-Estill in Estill, South Carolina, serving an 84-month sentence entered by the United States District Court for the Western District of New York in 2006. In the Complaint filed in this case, Plaintiff sues a resident of Rochester, New York for breach of a contract/agreement that was entered into in Rochester, New York and that was to have been performed in Rochester, New York. He seeks damages arising from the alleged breach. According to the factual allegations contained in the Complaint, Defendant agreed to maintain and run a Rochester, New York restaurant owned by Plaintiff while Plaintiff was incarcerated at the "Monroe County Jail."[1]

  In his Complaint, Plaintiff asserts that this case is properly filed in this Court because there is diversity jurisdiction over the cause of action and because Plaintiff is currently residing in this judicial district. Plaintiff essentially alleges that he is a resident of South Carolina for diversity purposes because he is serving his federal sentence at a prison located in this state; however, in his Answers to the Court's Special Interrogatories, he states that he lived in Rochester, New York for five years prior to his federal conviction, that he is a citizen of the Dominican Republic, and that he is an

---

  [1] It is judicially noted that Rochester, New York is located in Monroe County, New York. *See* http://www.monroecounty.gov/resident-index.php.

illegal alien in this country. (Entry 8). Plaintiff alleges that Defendant is a "resident" of New York, but he does not provide any factual information about Defendant's true *citizenship* status.

### Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Properly construed under this less stringent standard, the Complaint filed in this case discloses that this case should be transferred to the Western District of New York for further proceedings.

### Analysis

Subject matter jurisdiction:

Initially, it is noted that there is, in fact, diversity jurisdiction over Plaintiff's Complaint, though not because Plaintiff is a resident of South Carolina and Defendant is a resident of New York as the allegations seem to

2

say. *See* 28 U.S.C. § 1332(a)(1). Instead, there is, at least facially, diversity of citizenship over the Complaint because Plaintiff is a citizen of the Dominican Republic and Defendant is probably a citizen or legal resident of New York. *See* 28 U.S.C. § 1332(a)(2). It is well settled that incarceration does not change a prisoner's domicile for purposes of the diversity statute. *See Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973)("A prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration."); *see also Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977)("With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration."); *Nouse v. Nouse*, 450 F. Supp. 97, 100 (D. Md. 1978)("But plaintiff has not lost his status as a citizen of Maryland and become a citizen of Pennsylvania simply because of his incarceration in that state."). Thus, if Plaintiff were either a citizen or a permanent legal resident of the United States, under the facts presented by the Complaint and supplemented by the Answers to Special Interrogatories, he would be a citizen of New York for diversity purposes, thus precluding diversity jurisdiction. *See, e.g., Intec USA, LLC v. Engle*, 467 F.3d 1038 (7th Cir. 2006); *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114 (4th Cir. 2004). However, since it is clear that Plaintiff is an illegal alien and a citizen of the Dominican Republic, he never became either a New York or South Carolina resident for diversity purposes. Instead, he retained his status as a citizen of a foreign state and, under applicable law, he may bring a lawsuit in this Court under diversity of citizenship against a New York resident, *i.e.*, there is *subject matter* jurisdiction for this case in this Court. *See Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 F. Appx. 486 (6th Cir. 2001). The controlling question regarding whether or not this case should be heard in this Court is, however, can this Court obtain personal jurisdiction

3

over Defendant under the circumstances alleged in the Complaint? If not, this case should be transferred to the United States District Court that can obtain personal jurisdiction over Defendant.

Personal jurisdiction:

Assuming Plaintiff's allegations to be true, Plaintiff's Complaint fails to reveal any basis for this Court to obtain personal jurisdiction over the Defendant. Plaintiff is suing a New York Defendant for problems with a contract or agreement that was entered into and intended to be fulfilled in New York. Pennsylvania. Accordingly, it is the recommendation of the undersigned that this case be transferred in the interests of justice to the United States District Court for the Western District of New York for further handling. *See* 28 U.S.C. § 1406(a); *see also Goldlawr v. Heiman*, 369 U.S. 463 (1962); *Porter v. Groat*, 840 F.2d 255 (4th Cir. 1988); *Glaxo Inc. v. Genpharm Pharmaceuticals, Inc.*, 796 F. Supp. 872, 877 (E.D.N.C. 1992).

A bedrock requirement in any civil action is that the district court in which a Complaint is brought shall have personal jurisdiction over the person of the defendant. Rule 4(e) Federal Rules of Civil Procedure ("Service Upon Individuals Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes. That rule states, in pertinent part:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States by:
>
> (1) *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;* or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and

4

discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(emphasis added).

Under the applicable South Carolina long-arm statute, S.C. Code Ann. § 36-2-803 ("Personal jurisdiction based upon conduct"),[2] nonresidents may be served and subjected to state court jurisdiction only where certain limited

---

[2] (1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

    (a) transacting any business in this State;

    (b) contracting to supply services or things in the State;

    (c) commission of a tortious act in whole or in part in this State;

    (d) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or

    (e) having an interest in, using, or possessing real property in this State; or

    (f) contracting to insure any person, property or risk located within this State at the time of contracting; or

    (g) entry into a contract to be performed in whole or in part by either party in this State; or

    (h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

(2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him . . .

types of facts are presented in a case. None of those types of facts are presented in this case. Under the facts alleged in Plaintiff's Complaint, the only Defendant named in this case is a New York state resident, perhaps a citizen,[3] and all of the actions giving rise to Plaintiff's claim appear to have taken place in New York. In short, it is clear that a federal court in Rochester, New York is the proper forum in which to adjudicate the claims raised in this Complaint against a Defendant located in Rochester. As a result, the interests of justice require this Court to transfer this case to the United States District Court that can obtain personal jurisdiction over the Defendant and thereby avoid any procedural complications that may be wrought by dismissal of the case for lack of personal jurisdiction. *See Robbins v. Yutopian Enters.*, 202 F. Supp. 2d 426, 430-31 (D. Md. 2002); *see also Robertson v. Northcutt*, No. 87-1730, 1988 WL 67575, *2 (4th Cir. June 23, 1988)(statute of limitations; preserving filing date is better served by transfer to more appropriate district than by dismissal). Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr*, 369 U.S. at 466-67; *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967).

No ruling on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Entry 2) or on the merits of this case has been made in connection with this recommendation for transfer as such rulings are more appropriately within the authority of the United States District Court for the Western District of Pennsylvania to make. *See generally* 15 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3827, at 268-74 (1986).

---

[3] If necessary, to determine if diversity jurisdiction continues to be met, the transferee court may inquire as to the citizenship or immigration status of Defendant. Plaintiff only alleges that she is a "resident" of New York. He does not state specifically that she is a "citizen" of that state or a permanent resident alien domiciled there.

## Recommendation

Accordingly, it is recommended that the District Court transfer this case to the United States District Court for the Western District of New York without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

September 2, 2010
Charleston, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).